Michael D. Jewell (14380)
PECK HADFIELD BAXTER & MOORE, LLC
399 N. Main Street
Suite 300
Logan, UT  84321
(435) 787-9700
mjewell@peckhadfield.com

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SAVAGE TATTOO L.L.C., a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SAVAGE INK, LLC, a Utah limited liability company,<br><br>Defendant. | **COMPLAINT**<br>**and**<br>**JURY DEMAND**<br><br><br>Civil No.<br><br>Judge: |

Plaintiff Savage Tattoo L.L.C. ("Plaintiff" or "Savage Tattoo") through its legal counsel hereby complains against Defendant Savage Ink, LLC ("Defendant" or "Savage Ink") and alleges as follows:

1.      This is an action that asserts claims that arise from Savage Ink's unauthorized use of a service mark that is confusingly similar to Savage Tattoo's service mark.

**PARTIES**

2.      Savage Tattoo is a Utah limited liability having its principal place of business in Weber County, Utah.

3.      Savage Ink is a Utah limited liability company having its principal place of business in Utah County, Utah.

4.      Savage Tattoo and Savage Ink are competitors in the market for tattoo and body piercing services.

**JURISDICTION AND VENUE**

5.      This is a civil action for trademark dilution brought by Savage Tattoo pursuant to 15 U.S.C. § 1125.

6.      This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) and/or (b).

7.      Personal Jurisdiction in this district is proper inasmuch as Savage Ink is headquartered and does business in Utah, the acts complained have occurred in Utah, and Savage Ink has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Utah and therefore is subject to the jurisdiction of this Court.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**BACKGROUND**

9.      Savage Tattoo provides tattoo and body piercing services to customers in the throughout the State of Utah and the western United States.

10.     Savage Ink provides identical services in Utah County, Utah and is a direct competitor of Savage Tattoo.

11.     Savage Tattoo is the owner of the "Savage Tattoo" service mark (the "Savage Tattoo Mark").

12.     Savage Tattoo has been using the Savage Tattoo Mark in commerce since at least August 2013.

13.     Savage Tattoo has built and maintained impeccable good will associated with the Savage Tattoo Mark, building a substantial following throughout the State of Utah and the Mountain West region.

14.     Savage Ink is the owner of the "Savage Ink" service mark (the "Savage Ink Mark").

15.     Upon information and belief, Savage Ink did not begin using the Savage Ink Mark in commerce until February 2014 at the earliest.

16.     Savage Tattoo did not become aware of the existence of Savage Ink or its use of the Savage Ink Mark until in or around September 2016.

17.     The Savage Ink Mark is confusingly similar to the Savage Tattoo Mark.

18.     Savage Tattoo has standing to sue Savage Ink for unlawful use of mark that is a confusingly similar its Savage Tattoo Mark.

**First Cause of Action**
**(Lanham Act – 15 U.S.C. § 1125)**

19.　　Savage Tattoo re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

20.　　Savage Ink's wrongful use of the Savage Ink Mark is likely to cause confusion as to sponsorship or authorization by Savage Tattoo, or alternatively, destroy the origin-identifying function of the Savage Tattoo Mark.　Savage Ink's actions are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

21.　　As a direct and proximate result of Savage Ink's actions, Savage Tattoo has suffered and will continue to suffer damage to its business, goodwill, reputation, profits, and the strength of its mark.　The injury to Savage Tattoo is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Savage Tattoo for its injuries and Savage Tattoo lacks an adequate remedy at law.

22.　　Savage Tattoo is entitled to a preliminary and permanent injunction against Savage Ink, as well as all other remedies available under the Lanham Act, including, but not limited to, actual damages, costs, attorney fees, Savage Ink's profits derived from its infringing activities, said amounts to be trebled by virtue of Savage Ink's knowing and willful behavior.

**Second Cause of Action**
**(Common Law Trademark Infringement)**

23.　　Savage Tattoo re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

24.     Savage Ink's use of the Savage Ink Mark as described above constitutes infringement of Savage Tattoo's common law rights in the Savage Tattoo Mark.

25.     Savage Ink has been unjustly and improperly enriched through its wrongful use of the Savage Ink Mark.  Savage Tattoo has been damaged in its business and will continue to be so damaged and is without an adequate remedy at law unless Savage Ink is enjoined by the Court. Further, Savage Tattoo should be awarded punitive damages by reason of Savage Ink's willful, intentional, and unauthorized use of the Savage Ink Mark as described herein.

### Third Cause of Action
### (Unfair Competition Act – Utah Code Ann. § 13-5a-101 *et seq*.)

26.     Savage Tattoo re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

27.     The actions of Savage Ink as described above constitute intentional business acts and practices that are unlawful, unfair, and misleading, and have led to a material diminution in value of Savage Tattoo's intellectual property.

28.     Pursuant to Utah Code Ann. § 13-5a-102, Savage Tattoo is entitled to actual damages caused by Savage Ink's unfair competition, as well as costs, attorney fees, and punitive damages.

### Fourth Cause of Action
### (Unfair Competition – Utah Common Law)

29.     Savage Tattoo re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

30.     By its actions, as described above, Savage Ink has unfairly competed with and continues to unfairly compete with Savage Tattoo.

31.     Savage Ink has engaged in these activities knowingly, willfully, and, on information and belief, with actual malice and in bad faith, so as to justify the assessment of increased, exemplary, and punitive damages against it in an amount to be determined at trial.

32.     Savage Ink's conduct has caused Savage Tattoo to sustain irreparable harm and other damages in an amount to be established at trial.

33.     Savage Ink's actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Savage Ink for which Savage Ink has no adequate remedy at law and which justify entry of a preliminary and permanent injunction.

### Fifth Cause of Action
### (Interference with Economic Relations)

34.     Savage Tattoo re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

35.     Through the improper means of intentionally infringing the Savage Tattoo Mark, Savage Ink has interfered with Savage Tattoo's prospective and actual economic relations, including by confusing Savage Tattoo's actual and potential customers and by diverting sales away from Savage Tattoo.

36.     The foregoing conduct of Savage Ink is the result of willful and malicious or intentionally deceptive conduct, or conduct that manifests a knowing and reckless indifference toward, and disregard of, the rights of Savage Tattoo.

37.     As a direct and proximate result of the intentional and improper acts and conduct of Savage Ink, Savage Tattoo has suffered actual and consequential damages and other losses in an amount to be determined at trial.

### Sixth Cause of Action
### (Unjust Enrichment)

38.     Savage Tattoo re-alleges and incorporates herein, as if set forth in full, the foregoing allegations of the Complaint.

39.     Savage Ink has benefited from their improper, unfair, and unauthorized use of Savage Tattoo's intellectual property.

40.     Savage Ink would be unjustly enriched if permitted to retain the profits and other gains they have received from such actions.

41.     Equity and good conscience dictate that Savage Ink be required to account for and turn over to Savage Tattoo, or to be deemed to hold in constructive trust for the benefit of Savage Tattoo, all profits and gains derived and to be derived from the sale by Savage Ink of any services using the Savage Ink name, in an amount to be proven at trial.

### Relief Requested

WHEREFORE, Savage Tattoo prays for judgment against Savage Ink as follows:

1.     for an injunction against Savage Ink, as well as against its officer, agents, servants, and employees, as well as those persons in active concert or participation with any of them, including their customers and vendors who receive actual notice of the Order by personal service or otherwise, be preliminarily and permanently enjoined from:

      a.      Using the Savage Ink Mark or any variation thereof that includes the term "Savage" in connection with services related to tattoo and body piercing;

      b.      Using the Savage Ink Mark or any variation thereof that includes the term "Savage" as any part of a thematic marketing concept in connection with services related to tattoo and body piercing;

      c.      Diluting, blurring, passing off or falsely designating the origin of the Savage Tattoo Mark and thereby injuring Savage Tattoo's goodwill and reputation;

      d.      Doing any other act or thing likely to induce the belief that Savage Ink's business, services, or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Savage Tattoo; and

      e.      Requiring Savage Ink to immediately destroy any and all promotional or sales materials that refer to or use the Savage ink Mark;

2.      that Savage Ink be directed to file with this Court and serve upon counsel for Savage Tattoo within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Savage Ink has complied with the permanent injunction;

3.      that Savage Tattoo be awarded its actual damages sustained as a result of Savage Ink's wrongful actions;

4.      that Savage Tattoo recover Savage Ink's profits made as a result of Savage Ink's wrongful actions;

5.      that Savage Tattoo recover three times Savage Ink's profits made as a result of Savage Ink's wrongful actions or three times Savage Tattoo's damages, whichever is greater.

6.      that this case be deemed an exceptional case under 15 U.S.C. §§1117(a) and that Savage Ink be deemed liable for and ordered to reimburse Savage Tattoo for its reasonable attorneys' fees;

7.      that Savage Tattoo be awarded exemplary damages in its favor and against Savage ink as a result of Savage Ink's willful and intentional acts;

8.      that Savage Tattoo recover its costs; and

9.      that Savage Tattoo receive such other and further relief to which it may be entitled as the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Savage Tattoo hereby demands trial by jury of all claims and issues raised in this Complaint and in any responsive pleading or counterclaim filed by Savage Ink.

DATED this 30th day of October 2017.

PECK HADFIELD BAXTER & MOORE

/s/ *Michael D. Jewell*
Michael D. Jewell
*Attorney for Savage Tattoo L.L.C.*